IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIDGET PARSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-2330-N-BN |
| | § | |
| U.S. BANK, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Bridget Parson, proceeding *pro se* and identifying herself as an "appellant," filed a "notice of removal to federal court due to subject matter jurisdiction," citing a state-court action in Dallas County. *See* Dkt. No. 3.

Her case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

After reviewing the professed notice of removal [Dkt. No. 3], the undersigned *sua sponte* questioned whether subject matter jurisdiction existed or whether removal was proper and ordered Parson to show in writing that the Court has subject matter jurisdiction over her lawsuit. *See* Dkt. No. 7.

She responded by filing what she purports to be a record from a state court appellate proceeding, *see* Dkt. No. 8 ("Record of Case 05-14-01586-CV"), which further confirms that federal jurisdiction is lacking, for the reasons discussed below.

Considering Parson's filings in this case, the undersigned enters these findings

of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice for lack of subject matter jurisdiction.

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007); *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). Correspondingly, federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Parson chose to bring her case before this Court and thus assumed the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Under their limited jurisdiction, federal courts generally may only hear a case

if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Through the notice of removal, Parson requests "reconsideration of the order of dismissal entered September 12, 2019 that violates due process of law and procedural

due process of law." Dkt. No. 3 at 1. She presumably seeks reconsideration of an order dismissing a state-court action – review that a federal district court is barred from conducting under "the *Rooker-Feldman* doctrine" – "a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted).

Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court."); *cf. Griggs v. Chickasaw Cnty., Miss.*, 930 F.3d 696, 702 (5th Cir. 2019) ("The doctrine 'directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments,'" as opposed to attacks on state administrative or legislative proceedings. (quoting *Kam v. Dallas Cnty.*, 756 F. App'x 455, 455 (5th Cir. 2019) (per curiam); emphasis omitted)).

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

-4-

review and rejection of those judgments." *Exxon,* 544 U.S. 280 at 284; *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (stating that there are four elements to the *Rooker-Feldman* doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceeding began; and (4) federal suit requests review and reversal of the state-court judgment."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

And the United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those

actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is application for writ of certiorari to the United States Supreme Court." *Id.* (quoting *Hale*, 786 F.2d at 690-91, then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994)).

But, to the extent that Parson is actually a state-court defendant removing a pending state-court action to federal court – which seems unlikely based on the record – a defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). The federal courts' jurisdiction is limited, and federal courts generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

28 U.S.C. § 1447(c).

Parson's purported notice of removal does not establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

Nor does it appear that there is diversity jurisdiction under 28 U.S.C. § 1332, which requires that each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

But, focusing on federal question jurisdiction, to support removal on this basis, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question exists 'if there appears on the face of the

complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366).

A defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal

-8-

question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

Parson does not allege, much less show, that any federal-law causes of action or any substantial, disputed question or issue of federal law was raised in the state-court action or that state-law claims are completely preempted by federal law.

For all these reasons, Parson has not carried her burden to establish that the Court has jurisdiction over this action.

### Recommendation

The Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 28, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE